DANA PARKER *v.* PHILOMELIA D. PARKER, MELANCTHON SMITH, FRANCIS H. BLANCHARD AND TIMOTHY A. SUMNER.

A plea must be positive, and not on belief, when it states a fact within defendant's knowledge, or touching his own acts, but when it relates to the act of third persons and not to defendant's own act, it may be on information and belief. .

In a plea that one of the defendants is a married woman, and her husband is not a party to the suit, it is not necessary to show by the plea she cannot sue and be sued as an unmarried woman, under the eighteenth section of chapter four, title seven, part two, of the revised statutes, where the bill does not make out a case bringing her within the statute.

BILL to foreclose a mortgage.

The bill stated that, on July 25th, 1842, complainant became surety for the defendant Philomelia D. Parker, as endorser of certain promissory notes made and negotiated by her, to the amount of $5,944.73; that she, on the same day, executed and delivered to him a bond in the penal sum of $11,900, conditioned to save him harmless against the payment of said notes, and two mortgages on real estate in Jackson county, as security for the performance of the condition of the bond, which mortgages were acknowledged and recorded; that Philomelia had failed to pay the notes when they became due, and complainant had been compelled to pay, and had paid on them, $4,249.95, which, with interest thereon, from December 31st, 1842, was due and owing to him from the said Philomelia. The other defendants were parties to the bill as subsequent incumbrancers, and pleaded in bar thereof that they had been *informed*, and verily believed, that Walter Damon, late of Reading, in the county of Middlesex, and state of Massachusetts, was, at the time of exhibiting the bill of complaint, and ever since had been, the

lawful husband of the said Philomelia; and that said Walter Damon should have been made a party to the bill.

*Sumner*, in support of the plea.

*Johnson*, contra.

THE CHANCELLOR. The first objection to the plea is that it is not *positive*, but on information and *belief*. Where a plea states a fact within defendant's knowledge, or touching his own acts, it must be positive; but, when it relates to the acts of third persons, to which he is not a party, it is sufficient if it be on information and belief. *Drew* v. *Drew*, 2 *Ves. & B.* 159; *Coop. Eq. Pl.* 228.

Another objection is the plea does not show Philomelia, though a married woman, may not sue and be sued as a *feme sole*, by reason of the eighteenth section of *Chap.* 4, *Tit.* 7, *part* 2, *of the Revised Statutes, p.* 344. The section is in these words:

"When any married woman shall come from any other state or country, into this state, without her husband, he having never lived with her in this state, she may transact business, make contracts, and commence, prosecute and defend suits, in her own name, and dispose of her property, which may be found here, in like manner, in all respects, as if she were unmarried, upon all contracts, and for all other acts, made or done, by her after her arrival in this state; and she may make and execute any deeds and other instruments, in her own name, and do all other lawful acts, that may be necessary or proper to carry into effect the powers so granted to her."

The answer to this objection is, that the bill is not so drawn as to require the defendants, by their plea, to negative the several facts which, under the statute, confer on a married woman the right to sue and be sued, and to make

contracts, without her husband.   Complainant, in draw-
ing his bill, should have anticipated the plea, and charged
the necessary facts to have avoided it under the statute;
or, after the plea had been put in, amended his bill within
the twenty days allowed by the 32d rule of Court.   Ha-
ving done neither, the plea is sufficient.   The record, as
it stands, shows *Philomelia* was a married woman when
the bill was filed, and that her husband is still living, with-
out stating any reason for his not being a party.

Plea allowed, with leave to complainant to amend his
bill in twenty days, on paying costs.